IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHN S. SHIPLEY | : | |
| | : | No.: 06-261 JJF |
| Plaintiff, | : | |
| | : | |
| v. | : | JURY OF 12 DEMANDED |
| | : | |
| COREY SHAW, SEPTA and | : | |
| TRAVELERS' INSURANCE CO. | : | |
| | : | |
| Defendants. | : | |

TO:     PROTHONOTARY

### NOTICE OF SERVICE

Please take notice that the undersigned certifies that pursuant to Superior Court Civil

Rule 5(d) two copies of **Defendants' Interrogatories and Request for Production Directed to**

**Plaintiff** were served by U.S. first class mail, postage prepaid, on this 14th day of July, 2006

upon the following:

Mr. John S. Shipley
609 Wildel Avenue
New Castle, DE 19720

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN


By:    /s/ Kevin J. Connors
KEVIN J. CONNORS, # 2135
ELIZABETH A. SAURMAN, #3217
1220 North Market Street, Suite 500
P.O. Box 8888
Wilmington, DE 19899-8888
(302)552-4324
Attorneys for Defendants

\15_A\LIAB\EASAURMAN\DISC\364082\EASAURMAN\19179\00443

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHN S. SHIPLEY | : | |
| | : | No.:  06-261 JJF |
| Plaintiff, | : | |
| | : | |
| v. | : | JURY OF 12 DEMANDED |
| | : | |
| COREY SHAW, SEPTA and | : | |
| TRAVELERS' INSURANCE CO. | : | |
| | : | |
| Defendants. | : | |

## **DEFENDANTS' INTERROGATORIES DIRECTED TO PLAINTIFF**

## **DEFINITIONS AND INSTRUCTIONS**

Unless negated by the context of the interrogatory, the following definitions are to be considered to be applicable to all interrogatories contained herein:

(A)    "Documents" is an all-inclusive term referring to any writing and/or recorded or graphic matter, however produced or reproduced.

(B)    With respect to documents, the term "identify" means to give the date, title, author and addressee; identify with respect to documents further means:

(I)    To describe a document sufficiently well to identify what such document is and to retrieve it from a file or wherever it may be located;

(II)    To describe it in a manner suitable for use as a description in a subpoena;

(III)    To give the name, address, position or title of the person(s) who has/have custody of the document and/or copies thereof.

(C)    "Identify" when used in reference to an individual means:

(I)    To state his/her full name;

(II)    Present residence address or last known residence or Present or last known business address as applicable;

(D)    Whenever a date, amount, or other computation or figure is requested, the exact date, amount, or other computation or figure is to be given unless it is not known; and then the approximate date, amount, or other computation or figure should be given or the best estimate

thereof; and the answer shall state that the date, amount or other computation or figure is an estimate or approximation.

(E)     No answer is to be left blank.  If the answer to an interrogatory or subparagraph of an interrogatory is "none" or "unknown", such statement must be written in the answer.  If the question is inapplicable, "N/A" must be written in the answer.  If an answer is omitted because of the claim of privilege, the basis of the privilege is to be stated.

(F)     These interrogatories are continuing, and any information secured subsequent to the filing of your answers which would have been includable in the answers had it been known or available, are to be supplied by supplemental answers.

---

1.     Please state your legal name and all names you have ever used, or by which you have been known, including nicknames.

ANSWER:

2.     Please state the day, month and year you were born.

ANSWER:

3.     Please state your social security number.

ANSWER:

4.     Please list each address at which you have lived in the last five (5) years, the dates during which you lived at each such address and who lived with you.

ANSWER:

5.      State where you were coming from and where you were going on 4/22/04 that lead you to the train station.

ANSWER:

6.      Identify what you were wearing on 4/22/04, including but not limited to a precise description of your footwear, indicating with particularity the type, style, size, and material composition of the heel and sole.

ANSWER:

7.      Identify what you were carrying on 4/22/04 when the accident occurred? Describe each object in complete detail giving weight and size.

ANSWER:

8.     Please describe what happened to in the 4/22/04 accident in complete chronological detail, stating everything that you did, everything the conductor did and everything that happened to you:

   (a)   from the time a few minutes immediately preceding the accident to and including the time of the accident; and

   (b)   from the time of the accident until you reached your home or received medical treatment.

ANSWER:

9.     Describe the way you fell including the parts of your body that made contact with any part of the train and/or platform or other objects.

ANSWER:

10.     Did you ever speak to Corey Shaw or any other representative or employee of SEPTA?

ANSWER:

11.    If your answer to the last question is yes, please state who you spoke with, when you spoke and what you spoke about.

ANSWER:

12.    State in detail the injuries, illnesses, complaints, and/or diseases you claim to have suffered as a result of the 4/22/04 accident.

ANSWER:

13.    State the names and addresses of all doctors or other medical personnel who have examined or treated you for the injuries, illness, complains and/or diseases you claim to have suffered as a result of the 4/22/04 accident.  Please also identify the date or dates of such examinations or treatment and the specific condition each examination or treatment addressed.

ANSWER:

14.    Give the names and addresses of all medical institutions to which you have been admitted for the injuries identified in your answer to # 12 above, together with the date of admission to and release from such institution.

ANSWER:

15.     State whether X-Rays, MRIs, CT Scans or other diagnostic tests were taken in connection with the injuries identified in your answer to #12 above.  If the answer is "yes," state the name and address of the doctor that ordered them, where/when they were done, and who has custody of a copy of the test films and/or results.

ANSWER:

16.     State whether or not you were prescribed any medications as a result of the injuries identified in your answer to #12 above.  If you were prescribed any mediations, identify the medication prescribed, who prescribed the medication and the pharmacy where the prescriptions were filled.   Include here any samples of prescription medications given to you.

ANSWER:

17.     Identify any other pharmacies in addition to those identified above where you had any prescriptions filled, notwithstanding the reason for the prescription.

ANSWER:

18.     State whether you are still under the care of a physician, surgeon or other medical personnel for any of the injuries identified in your answer to #12 above.  If so, please identify the name and address of each and every one you are still seeing, the condition you are still being treated for and your plans for future appointments/treatment.

ANSWER:

19.    If you have fully recovered from any of the injuries, illnesses, complaints or diseases listed in your answer to #12 above, please identify which problem(s) have fully resolved and state when such recovery was made.

ANSWER:

20.    For those injuries, illnesses, complaints or diseases listed in your answer to #12 above that you have not recovered from state in which respect you have not fully recovered; how are they still affecting you?

ANSWER:

21.    Identify each person whom you expect to call as an expert witness at trial and identify the person's area of expertise.

ANSWER:

22.    State the substance of the facts and opinions to which each expert is expected to testify together with a summary of the grounds for each opinion

ANSWER:

23.    Do you understand that in order to evaluate your injury claim Defendants must investigate your medical history to determine the existence/extent of any pre-accident problems you may have had and the extent of your post-accident problems as identified in your answer to #12 above?

ANSWER:


24.    State whether or not you have <u>ever</u> in your life prior to 4/22/04 had a problem of any type involving the parts of the body you identified in your answer to # 12 above.  Include any prior problems whether or not they required you to seek medical treatment.   If you have had prior problems involving the body parts identified in your answer to #12 above, describe the prior problems, identify the date/dates of such prior problems, and state the names and addresses of any and all medical personnel from which you sought treatment for them, if any.

ANSWER:

25.     Identify the name(s) and address(es) of each and every family doctor(s) and/or primary care physician(s) you have seen for any reason whatsoever in the 10 years before 4/22/04 and have seen since 4/22/04.

ANSWER:

26.     Identify the name(s) and address(es) of each and every medical specialist you have seen for any reason whatsoever in the 10 years before 4/22/04 and have seen since 4/22/04.

ANSWER

27.     State what illnesses, infirmities, diseases or injuries you had or were told you had during your lifetime.

ANSWER:

28.     State whether or not you were hospitalized at any time in your lifetime prior to the accident for any purpose whatsoever.  If so, please state dates of each such hospitalization, the hospital and the purpose of each such hospitalization.

ANSWER:

29.     Please state whether you claim to have lost any earnings or suffered any limitation of earning capacity resulting from the accident.

ANSWER:


30.     State when you last worked before 4/22/04, who you worked for and what was your rate of pay.

ANSWER:


31.     Have you ever made a claim for or filed a lawsuit for personal injury before?  If so, identify it.

ANSWER:


32.     Please state whether you have ever been involved in any accident(s), motor vehicle, industrial, slip and fall or otherwise, other than the accident which is the subject of the complaint – either before or after 4/22/04.  If so identify it/them.

ANSWER:

33.    Please state whether you have ever had a conversation with the Corey Shaw or any other representative or employee of SEPTA.  If so, identify who you spoke with, when you spoke and what you spoke about.

ANSWER:

34.    Identify any witnesses to the 4/22/04 accident you know of and describe your relationship to them.

ANSWER:

35.     What documents did you review or otherwise rely upon to respond to these questions?

ANSWER:

36.     Do you understand that pursuant to the Number 33 of the Rules of the District Court you are required to answer each question fully in writing under oath unless objected to?

ANSWER:

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

By:   /s/ Kevin J. Connors
KEVIN J. CONNORS, # 2135
ELIZABETH A. SAURMAN, #3217
1220 North Market Street, Suite 500
P.O. Box 8888
Wilmington, DE 19899-8888
(302)552-4324
Attorneys for Defendants

Dated:  7/14/06
\15_A\LIAB\EASAURMAN\MEMO\364051\EASAURMAN\19179\00443

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHN S. SHIPLEY | : | |
| | : | No.: 06-261 JJF |
| Plaintiff, | : | |
| | : | |
| v. | : | JURY OF 12 DEMANDED |
| | : | |
| COREY SHAW, SEPTA and | : | |
| TRAVELERS' INSURANCE CO. | : | |
| | : | |
| Defendants. | : | |

## REQUEST FOR PRODUCTION

The defendants request the plaintiff to produce for examination and copying at the office of the attorney for the defendant within thirty (30) days from the date of this request the following items:

1.      All hospital records, doctors' summaries and reports concerning any physical test performed on or concerning the plaintiffs and any other matter in writing prepared by or on behalf of any person trained in the healing arts concerning the plaintiffs' past, present or future physical condition insofar as such matters in writing may be in the possession of the defendant or his attorney or available to them upon request by them to any doctor, hospital or other person trained in the healing arts;

**RESPONSE**:

2.      Copies of all statements, bills or cancelled checks showing the amount charged for services rendered to the plaintiffs or items sold to the plaintiffs in connection with the care of his alleged physical condition;

**RESPONSE**:

3.      Photographs taken by or on behalf of the plaintiff relating to the accident in question;

**RESPONSE**:

4.      Copies of all statements of any and all witnesses, including any statements from the plaintiff or defendant herein regarding the happening of the accident here involved and/or the circumstances leading up to or subsequent to the accident.

**RESPONSE:**

5.      All photographs, diagrams, plans or graphic representations of the scene of the alleged accident herein involved.

**RESPONSE:**

6.     Any and all documents containing the names and business addresses of all individuals contacted as potential witnesses.

**RESPONSE:**

7.     All reports, statements, or any other documentation whatsoever regarding plaintiff's medical condition, the happening of the accident, or any other matter which is related to this litigation which may have been forwarded to insurance companies.

**RESPONSE:**

8.     All expert reports relating to liability and damages prepared by experts expected to testify at trial on behalf of plaintiff.

**RESPONSE:**

9.     All reports, records or other documentation whatsoever pertaining to, or composed in relation to, any wage loss or time lost from work **including tax returns for the five (5) years preceding the accident and the years since the accident,** which plaintiff allegedly suffered as a result of the incident which is the subject of this litigation.

**RESPONSE:**

10.    Copies of all records reviewed or relied on in preparation of Plaintiff's Answers to

Interrogatories.

**RESPONSE:**

11.    The attached authorization for the release of medical records executed by

Plaintiff.

**RESPONSE:**

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

By:    /s/ Kevin J. Connors_____
KEVIN J. CONNORS, # 2135
ELIZABETH A. SAURMAN, #3217
1220 North Market Street, Suite 500
P.O. Box 8888
Wilmington, DE 19899-8888
(302)552-4324
Attorneys for Defendants

Dated:  7/14/06

\15_A\LIAB\EASAURMAN\DISC\364081\EASAURMAN\19179\00443