IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JOHN S. SHIPLEY,                :

                           :

        Plaintiff,         :

                           :

    v.                    : Civil Action No. 06-261-JJF

                           :

COREY F. SHAW, SEPTA, and    :

TRAVELERS' INSURANCE COMPANY,  :

                           :

        Defendants.       :

---

John S. Shipley, Pro se Plaintiff.

Elizabeth A. Saurman, Esquire, Wilmington, Delaware.  Attorney for Defendants Corey F. Shaw and SEPTA.

Kevin J. Connors, Esquire, Wilmington, Delaware.  Attorney for Defendant Travelers' Insurance Company

---

**MEMORANDUM OPINION**

February 16, 2007
Wilmington, Delaware

**Farnan, District Judge**

Presently before the Court is Defendant Travelers' Insurance Company's ("Travelers") Motion To Dismiss with supporting memorandum and Plaintiff's Opposition thereto. (D.I. 7, 19.) For the reasons set forth below, the Court will grant the Motion To Dismiss. (D.I. 7.)

## I.   BACKGROUND

Plaintiff alleges that on April 22, 2004, he was pushed off a moving train by Defendant Corey F. Shaw ("Shaw"). (D.I. 1.) Attachments to the Complaint indicate that Shaw was the conductor of a SEPTA train. The Complaint alleges that "Travelers' Insurance and SEPTA authorized a representative to obtain a general liability insurance policy for the defendants", and that the insurance policy was to compensate Plaintiff. (D.I. 1 ¶¶ 7,8.)

The Court was advised by counsel for Travelers that rather than respond to the Motion To Dismiss, Plaintiff had agreed to voluntarily dismiss the claims brought against Travelers, but nevertheless he filed an opposition to the Motion To Dismiss. (D.I. 19, 23.) Thereafter, on December 13, 2006, the Court ordered the parties to advise it within thirty days of the status of the voluntary dismissal. (D.I. 26.) Neither party complied

-1-

with the Court's Order.  The Court will therefore address the
merits of the pending motion.

Travelers moves for dismissal pursuant Rule 12(b)(6) of the
Federal Rules of Civil Procedure on the basis that the complaint
fails to allege sufficient facts to support a cognizable legal
claim.  Plaintiff objects to the Motion on the basis that
Travelers acted in bad faith when it attempted to settle the
matter.

## II. DISCUSSION

Rule 12(b)(6) permits a party to move to dismiss a complaint
for failure to state a claim upon which relief can be granted.
Fed. R. Civ. P. 12(b)(6).  The purpose of a motion to dismiss is
to test the sufficiency of a complaint, not to resolve disputed
facts or decide the merits of the case.  Kost v. Kozakiewicz, 1
F.3d 176, 183 (3d Cir. 1993).  To that end, the Court assumes
that all factual allegations in Plaintiff's pleading are true,
and draws all reasonable factual inferences in the light most
favorable to Plaintiff.  Amiot v. Kemper Ins. Co., 122 Fed. Appx.
577, 579 (3d Cir. 2004).  However, the Court should reject
"unsupported allegations," "bald assertions," or "legal
conclusions."  Id.  A Rule 12(b)(6) motion should be granted to
dismiss a pro se complaint only when "it appears beyond doubt
that the plaintiff can prove no set of facts in support of his

-2-

claim which would entitle him to relief." Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

Travelers seeks dismissal on the basis that the Complaint contains no allegations of its direct involvement in the April 22, 2004 incident.  Travelers cites case law and argues that Delaware law does not permit a direct action against an insurance company based upon the negligence of the insured, even though the insurance company may be the real party in interest.  Plaintiff argues that he has received no compensation, he gave Travelers' attorneys authorization to obtain information regarding the April 21, 2006, [sic] incident, and Travelers made a bad faith attempt to settle the matter.  (D.I. 19 ¶¶ 2, 3, 5.)  Plaintiff argues that because of the foregoing, Travelers should be held liable as a party to this claim.

Under Delaware law, an injured party may not bring a direct action against a liability insurer based upon the negligence of the insured. Delmar News, Inc. v. Jacobs Oil Co., 584 A.2d 531, 533-34 (Del. Super. Ct 1990); see Kaufmann v. McKeown, 193 A.2d 81 (Del. 1963).  Additionally, under Delaware law, an injured third party may not prosecute a direct action against a liability insurer of an insured before a determination of the insured's

-3-

liability.  Walden v. Allstate Ins. Co., 913 A.2d 570, 2006 WL 3041848 (Del. 2006) (table).

Plaintiff's attempt to claim bad faith on the part of Travelers does not aid in his attempt to defeat the Motion To Dismiss.  Delaware court have expressly rejected attempts to bring a bad faith claim directly against an insurer for its conduct during litigation.  Rowlands v. Phico Ins. Co., Nos. Civ. A. 00-477-GMS, Civ. A. 00-485-GMS, 2000 WL 1092134, at *4 (D. Del. July 27, 2000) (unreported) (citations omitted).  Indeed, a plaintiff can only bring a direct action against the insurer for the amount of the policy limits after first obtaining a judgment against the injured, and this right does not rise until and unless a judgment is obtained.  Id. at *5 (citations omitted).  Based upon the foregoing analysis, the Court will grant Travelers' Motion To Dismiss.

## III.  CONCLUSION

The Court will grant Travelers' Insurance Company's Motion To Dismiss.  (D.I. 7.)  An appropriate Order will be entered.

-4-