# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN SHIPLEY, | ) |
| | ) NO. 06-261-JJF |
| Plaintiff, | ) |
| | ) |
| | ) JURY OF 12 DEMANDED |
| COREY SHAW, SEPTA, AND | ) |
| TRAVELERS' INSURANCE COMPANY | ) |
| | ) |
| Defendant, | |

### PLAINTIFF'S REPLY TO THE DEFENDANT TRAVELERS' INSURANCE COMPANY'S BRIEF ANSWER TO THE PLAINTIFF'S MOTION TO RECONSIDER

NOW COMES, the plaintiff John S. Shipley, asking that the court reconsider the order and memorandum.

I.  **BACKGROUND**

The plaintiff, John S. Shipley, was pushed off of a moving train on April 22, 2004 by the defendant Corey F. Shaw and there is a police report to uphold the facts placed by the plaintiff, John S. Shipley. One of the witnesses has testified to the fact that John S. Shipley was pushed from the moving train. John S. Shipley never hired an attorney to represent the matter. SEPTA and Traveler's Insurance Company indicated that Traveler's was the insurance company representing SEPTA. Now, John S. Shipley finds out that SEPTA is their own insurance carrier. Travelers' insurance Company committed fraud against

Shipley by making him believe that they were the insurance company for SEPTA and had the authority to settle the matter on behalf of SEPTA ~~and themselves~~. Discovered by inspection of the documents produced by SEPTA and Travelers' Insurance Company there are two different claim numbers in the file and one file from SEPTA and one file from Traveler's Insurance Company. They also conspired against John. S. Shipley by unlawfully claiming to represent SEPTA for which they were not the insurance carrier for. They also refused to have John S. Shipley treated for all the injuries that he sustained. John S. Shipley still is in need of medical attention. True, John S. Shipley was going to agree to allow Travelers' Insurance Company to stand on the sideline of the case until judgment was obtained but not with prejudice. But now, since neither SEPTA or Travelers will allow Shipley to be treated for his sustained injuries, he is not willing to allow SEPTA or Travelers Insurance Company go on their conspiratory relationship because Shipley's non-treatment is causing further irreversible harm due to lack of needed medical attention. The reason that Shipley did not respond to the court's order advising parties thirty days to respond to the December 13th order was because of Shipley's illness and other problems that Shipley is having with his property and forgetfulness from the head trauma sustained when Shipley was pushed from a moving train. The plaintiff objects to the motion based on the fact that Travelers acted in bad faith and committed fraud against Shipley in an attempt to settle the claim. Travelers and SEPTA's conspiratory relationship was just brought to the attention of Shipley and has caused him ~~undue~~ harm.

1. The court should not excuse Traveler's Insurance Company of any of the claim because as stated there was a settlement offered to John S. Shipley, so they are one of the correct parties to this matter and also should be liable for the fraud they committed against John S. Shipley.

2. John S. Shipley personally has held an insurance company in the Delaware County Court in the state of Pennsylvania. Also I John S. Shipley also arbitrated a claim against an insurance company and the arbitration board held

the insurance company liable in the state of Delaware. John S. Shipley has done research and there are various cases where the court has held insurance companies liable in the state of Delaware. I, John S. Shipley, have also had a case against an insurance carrier in the state of Delaware and the courts held the case open until we came to a settlement.

3. I, John S. Shipley, will be willing to settle this matter against Traveler's Insurance Company for the relief that can be granted for John S. Shipley's pain and suffering as a result of their actions in the amount of $100,000.

4. See Exhibit A, Exhibit B, and Exhibit C.

WHEREFORE, for the foregoing reasons stated in the motion of reconsideration and the laws in the State of Delaware upholding insurance companies for liability claims, John S. Shipley requests that the Judge reconsider his order

          John S. Shipley, **pro se**
          609 Wildel Ave
          New Castle, DE 19720
          (610) 872-7338

Date: March 21, 2007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN SHIPLEY, | ) |
| | ) NO. 06-261-JJF |
| Plaintiff, | ) |
| | ) |
| | ) JURY OF 12 DEMANDED |
| COREY SHAW, SEPTA, AND | ) |
| TRAVELERS' INSURANCE COMPANY | ) |
| | ) |
| Defendant, | ) |

## ORDER

AND NOW, this _____ day of _____, 2007, upon consideration of the plaintiff's, **MOTION TO RECONSIDER THE ORDER DATED FEBRUARY 16TH**, and all responses thereto IT IS HEREBY Ordered that the plaintiff's Motion is GRANTED and the claims be upheld.

_____
J.

Date: March 21, 2007

day requirement does not stand as a bar to coverage which would otherwise be

applicable if the 30 day notice requirement had been met. Therefore, the

considerations which Johnson applied are not available in this situation

because they only apply where insurance coverage is available under the policy

but for the failure to meet a time requirement in the policy. Here, no

motorcycle coverage was available under this policy under any circumstances.

No reasonable person reading the policy language could have reached a different conclusion. A "party's failure to read a contract [cannot] justify its

avoidance." Graham v. State Farm Mut. Auto. Ins. Co., Del.Supr., > 565

A.2d 908 (1989).

I conclude that the motorcycle was not covered by the policy and that

plaintiff is not entitled to recover from insurer based on the provision which

extends 30 day coverage in the event of purchase of certain types of vehicles.    II.    Medical Coverage

The policy contained a separate section which delineated medical coverage.

The section provided:

Part B--Medical Payments Coverage

. . . .

We do not provide Medical Payments Coverage for any person for bodily injury:PLEASE WAIT WESTLAW KEYBOARD LOCKED WESTLAW Copr.  (C) West 1994 No claim to orig.  U.S.  govt.  works

Not Reported in A.2d R 1 OF 1 P 6 OF 7 DE-CS Page (Cite as: 1991 WL 138364, *2 (Del.Super.))

1.  Sustained while occupying any motorized vehicle having less than four

wheels.

*3 The term "occupying" is defined in the Definitions section of the

appears clear to me that there are controverted issues of fact in this case, I must dissent from the decision to affirm the entry of Summary Judgment in favor of the defendant.



**John E. KOENIG and Ellen I. Koenig, His Wife, Appellants,**

v.

**PROGRESSIVE INSURANCE COMPANY and Walter G. Foltz, Appellees.**

Superior Court of Pennsylvania.

Argued Sept. 11, 1991.

Decided Nov. 26, 1991.

Appeal was taken from an order of the Court of Common Pleas, Civil Division, Beaver County, No. 1197 of 1990, Walko, J., which rendered judgment in automobile insurance policy coverage dispute. The Superior Court, No. 00593 Pittsburgh, 1991, Cavanaugh, J., held that: (1) insurance policy treated loss of consortium as arising out of car accident victim's claim, with result that total damages were subject to "per person" limitation rather than higher "per accident" liability limit, and (2) policy did not violate Motor Vehicle Financial Responsibility Act.

Affirmed.

**1. Insurance** ⚖=146.3(2)

Goal of interpreting insurance contract is to ascertain intent of parties as manifested by language of written instrument.

**2. Insurance** ⚖=146.4

Reasonable expectations of insured are focal point in reading language of insurance contract.

**3. Contracts** ⚖=152

Where language of contract is clear and unambiguous, court is required to give effect to that language.

**4. Insurance** ⚖=146.7(1)

Where language of insurance contract is ambiguous, insured receives benefit of doubt and language at issue is interpreted in his favor.

**5. Insurance** ⚖=146.5(2)

Language in insurance policy should be given its ordinary meaning, unless it is clear that some other meaning was intended by parties.

**6. Insurance** ⚖=512(5)

Insurer which issued automobile policy providing "per person" coverage for bodily injury as well as a higher "per accident" liability limit, and which exhausted its "per person" liability to car accident victim, was not obligated to make additional payments within "per accident" limit for loss of consortium by victim's spouse; policy treated loss of consortium as arising out of victim's claim and, thus, total damages were subject to lower "per person" limitation.

**7. Insurance** ⚖=512(5)

Automobile insurance policy, which unambiguously treated loss of consortium by car accident victim's spouse as arising out of victim's claim, would not be interpreted in light of development of tort of loss of consortium.

**8. Insurance** ⚖=512(5)

Automobile insurance policy which treated loss of consortium by car accident victim's spouse as arising out of victim's claim, with result that total damages were subject to "per person" limitation rather than higher "per accident" liability limit, did not violate Motor Vehicle Financial Responsibility Act. 75 Pa.C.S.A. § 1702 et seq.

James R. Schadel, Pittsburgh, for appellants.

Jeffrey A. Ramaley, Pittsburgh, for Progressive Ins. Co., appellee.

that he will act in good faith for the other's interest." *Silver v. Silver,* 421 Pa. 533, 537, 219 A.2d 659, 662 (1966) (citations omitted). *See also, Truver v. Kennedy,* 425 Pa. 294, 306 n. 4, 229 A.2d 468, 474 n. 4 (1967).

[12] In *Silver v. Silver, supra,* a mother placed the title to her property in the names of her sons, who promised to reconvey the property to her. The Court noted that a mother-son relationship, without more, was insufficient to establish a confidential relationship. However, the Court concluded that evidence of "the mother-son relationship, along with the evidence that the mother depended upon her sons for advice and [had] customarily abided by their decisions" in similar matters in the past, established a confidential relationship warranting the imposition of a constructive trust. *Id.,* at 538, 219 A.2d at 662. In the instant case, there is no evidence that appellant acted in reliance on George's or Pamela's financial advice when lending them the money. There is also no evidence that appellant had relied on their advice about financial matters in the past. Although a family relationship existed between George and appellant, the record is insufficient to support the finding of a confidential relationship as would take the case out of the statute of limitations. Accordingly, the trial court did not err in concluding that appellant's cause of action was barred by the statute of limitations. For the foregoing reasons, the judgment is affirmed.

At the appeal docketed at No. 1940 Philadelphia 1990, the judgment entered on August 7, 1990 is affirmed; at the appeal docketed at No. 2357 Philadelphia 1990, the order entered on August 9, 1990 is affirmed.



Anthony STURKIE, Guardian and Parent for Toni Lynn Sturkie, a Minor, Appellant,

v.

ERIE INSURANCE GROUP and State Farm Mutual Automobile Insurance Company, Appellees.

Anthony STURKIE, Guardian and Parent for Toni Lynn Sturkie, a Minor

v.

ERIE INSURANCE GROUP and State Farm Mutual Automobile Insurance Company

Appeal of: STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

Superior Court of Pennsylvania.

Argued May 23, 1991.

Filed July 25, 1991.

Passenger's father, as guardian and parent for passenger, brought action against driver's insurer and his insurer seeking recovery of underinsured motorist benefits. The Court of Common Pleas of Westmoreland County, Civil Division, No. 718 of 1989, Ackerman, J., ruled that passenger could not recover underinsurance benefits from driver's insurer in addition to liability coverage he received from insurer. Passenger's father and father's insurer appealed. The Superior Court, Nos. 1456 and 1457 Pittsburgh 1990, Montgomery, J., held that one may not recover damages for personal injuries under both liability and underinsured motorist coverages of same motor vehicle policy.

Affirmed.

Popovich, J., concurred in the result.

1. Insurance ⟳467.51(1)

Underinsurance coverage provided by Motor Vehicle Financial Responsibility Law contemplates existence of at least two applicable policies of insurance, with lack of

Jeffrey Lemuel TYRE, and Debra A. Tyre, his wife, Plaintiffs,

v.

C.N.A. INSURANCE COMPANY, an insurance corporation authorized to conduct

business in the State of Delaware, and Stella Hickman, Defendants.

Superior Court of Delaware, Sussex County.

Submitted: June 30, 1987.

Decided: Aug. 27, 1987.

Upon Motion for Summary Judgment. Denied.

Robert C. Wolhar, Jr., Wolhar & Gill, P.A., Georgetown, for plaintiffs.

Myron T. Steele, Prickett, Jones, Elliott, Kristol & Schnee, Dover, for

defendants.

MEMORANDUM OPINION

CHANDLER, Judge.

*1 This case involves a policy of automobile liability insurance held by the defendant, Stella Hickman, issued by American Casualty Company ("American") and designated ARM5576982 ("the policy"). Hickman's son, Farley Cleveland Hickman, and the plaintiffs, Jeffrey Lemuel Tyre and Debra A. Tyre, were involved in an automobile accident on January 12, 1985. The plaintiffs settled

Not Reported in A.2d R 11 OF 20 P 2 OF 7 DE-CS Page (Cite as: 1987 WL 17436, *1 (Del.Super.))

their liability claim for injuries arising from this accident with Farley Hickman pursuant to a release which contained the following clause: Hickman is not released to the extent of any other insurance coverage that is or may be applicable through Stella Hickman's or any one else's coverage with C.N.A. or American Casualty Company of Reading or any other insurance company.

Plaintiffs in this action seek a declaratory judgment that the policy is available to provide benefits for any injuries arising from the accident for which Farley Hickman is legally responsible. Defendant, CNA Insurance Company ("CNA"), has moved for summary judgment on two grounds. The first is easily dispensed with. CNA claims that "a declaratory judgment consistent with the plaintiffs' request for relief directed to CNA would be an unenforceable order since CNA is

## CERTIFICATE OF SERVICE

I, John S. Shipley, hereby certify that on MARCH 2 २०⁰⁷ , that I caused two copies of the foregoing **PLAINTIFF'S REPLY TO THE DEFENDANT TRAVELERS' INSURANCE COMPANY'S BRIEF ANSWER TO THE PLAINTIFF'S MOTION TO RECONSIDER** to be served by first class U.S. Mail on the party at the following address:

    MARSHALL, DENNEHEY, WARNER
    COLEMAN & GOGGIN

    KEVIN J. CONNORS (DE 2135)
    ELIZABETH A. SAURMAN (DE 3217)
    1220 North Market Street, 5th Flr.
    P.O. Box 8888
    Wilmington, DE 19899-8888
    (302) 552-4324
    Attorneys for Travelers Insurance Company

    John S. Shipley, **pro se**
    609 Wildel Ave
    New Castle, DE 19720

Date: March 21, 2007