IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JOHN S. SHIPLEY,                 :
                                 :
         Plaintiff,              :
                                 :
     v.                          :   Civ. Action No. 06-261-JJF
                                 :
COREY F. SHAW and TRAVELERS'     :
INSURANCE COMPANY,               :
                                 :
         Defendants.             :

**MEMORANDUM ORDER**

**I.   BACKGROUND**

Plaintiff, John S. Shipley, who proceeds pro se filed this lawsuit alleging that on April 22, 2004, he was pushed off a moving train by Defendant Corey F. Shaw ("Shaw"), the conductor of a SEPTA train.  (D.I. 1.)  Plaintiff alleges that "Travelers' Insurance and SEPTA authorized a representative to obtain a general liability insurance policy for the defendants", and that the insurance policy was to compensate Plaintiff.  (D.I. 1 ¶¶ 7, 8.)  On February 16, 2007, the Court granted Defendant Travelers' Insurance Company's ("Travelers") Motion To Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  (D.I. 30, 31.)  Travelers was dismissed as a defendant because Delaware law does not allow a direct liability action against a liability insurer.  See Memorandum Opinion D.I. 30.  Nor does it allow bad faith claims against an insurer for its conduct during litigation.  Id. Plaintiff's opportunity to bring a direct action against Travelers will not occur until and unless a judgment is obtained

against Travelers' insured. <u>Id</u>. Plaintiff moves for reconsideration of the dismissal Order. (D.I. 32.) Travelers filed a response and, in turn, Plaintiff file a reply. (D.I. 33, 34.)

## II. STANDARD OF REVIEW

The standard for obtaining relief under Rule 59(e) is difficult for Plaintiff to meet. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. <u>Harsco Corp. v. Zlotnicki</u>, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration may be granted if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. <u>Max's Seafood Café v. Quinteros</u>, 176 F.3d 669, 677 (3d Cir. 1999).

A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. <u>See</u> <u>Glendon Energy Co. v. Borough of Glendon</u>, 836 F.Supp. 1109, 1122 (E. D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." <u>Brambles USA, Inc. v. Blocker</u>, 735 F.Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be

appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." <u>Brambles USA</u>, 735 F.Supp. at 1241 (D. Del. 1990) (citations omitted); <u>See</u> <u>also</u> D. Del. LR 7.1.5.

### III. DISCUSSION

Plaintiff moves for reconsideration, arguing that Travelers committed fraud by leading Plaintiff to believe that it was the insurance carrier for SEPTA and that it had authority to settle the matter on behalf of SEPTA. He argues that, in this regard, Travelers and SEPTA conspired against him. Plaintiff acknowledges that Delaware law does not permit a direct action against an insurance carrier based upon its negligence, but argues that Travelers committed fraud by falsely identifying itself as the insurance company for SEPTA. Plaintiff also argues that federal law "will uphold a bad faith claim against an insurer under violation of federal statutes such as conspiring against the plaintiff in making a bad faith claim." (D.I. 32.) In his Reply, Plaintiff relies upon several cases to support his claim that he may bring a direct action against Travelers. (D.I. 34.) The cases cited, however, are declaratory judgment actions to resolve coverage disputes. Travelers argues that Plaintiff's

arguments are similar in nature and detail as those previously raised and ruled upon by the Court.

Plaintiff does not argue there was an intervening change in the controlling law or the availability of new evidence that was not available when the February 16, 2007 Memorandum Opinion and Order were issued. Rather, he simply reargues previously raised arguments. Notably, he acknowledges that Delaware law does not support his position.

The law has not changed and there is no new evidence. Most important, after reviewing the Complaint and Plaintiff's pending Motion, there is no need to correct a clear error of law or fact or to prevent manifest injustice. Plaintiff has not demonstrated any of the grounds necessary to warrant reconsideration, and therefore, his Motion will be denied.

## IV. CONCLUSION

THEREFORE, at Wilmington this 18 day of June, 2007, IT IS ORDERED that the Motion To Reconsider The Court Order Dated February 16th (D.I. 32) is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE